UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-CR-10040-RWZ

UNITED STATES OF AMERICA, Plaintiff

v.

KING BELIN, Defendant

<u>MEMORANDUM & ORDER</u>

September 1, 2022

ZOBEL, S.D.J.

On December 20, 2020, Stoughton Police Officer Christopher Grover stopped defendant, King Belin for a traffic violation, ordered him out of his car, conducted a pat-frisk, and discovered a loaded firearm on his waist. Mr. Belin moves to suppress the firearm on the ground that it was obtained in violation of the Fourth Amendment to the U.S. Constitution. Docket # 39. The motion is denied.

I. **Relevant Undisputed Facts**

Officer Grover observed Mr. Belin's traffic violation and near collision with another vehicle and pulled him over. Mr. Belin immediately informed the officer that his driver's license was suspended. At the direction of the officer, Mr. Belin then moved his car to a gas station parking lot and a backup officer arrived at the scene. After speaking with him briefly, Officer Grover returned to his police car and learned that he had several firearm charges, including open cases, on his Board of Probation record. While

1

still in his police car, he also observed Mr. Belin get out of his vehicle without permission and immediately reenter it.

Officer Grover then ordered Mr. Belin to exit his car. As Mr. Belin walked towards him, the officer observed a bulge on the right side of Mr. Belin's winter jacket near his waist and that he appeared increasingly nervous. He noticed that Mr. Belin put his hands in his pockets and that he was "blading" his right side further away from the officer. Officer Grover then conducted a pat-frisk, during which he felt what he perceived to be the handle of a gun on the right side of Mr. Belin's waist. After a struggle for control of the gun, the officers secured him and the Smith & Wesson, Model SD40VE .40 caliber pistol, loaded with fourteen rounds of .40 caliber ammunition.

The entire stop lasted approximately 11 minutes, from the time Mr. Belin was pulled over, to the time he was in handcuffs.

## II.  Discussion

Mr. Belin moves to suppress the evidence seized during the pat-down search. Docket # 39. He concedes that the initial traffic stop was permissible but argues that his Fourth Amendment rights were violated because the officer (1) unlawfully extended the seizure when he ordered Mr. Belin to exit the car; and (2) patted down Mr. Belin without reasonable suspicion. The motion is denied.

### A.  Officer Grover's exit order did not violate Mr. Belin's Fourth Amendment rights

Mr. Belin argues that the exit order prolonged the traffic stop "beyond the time reasonably required to complete the mission." Rodriguez v. United States, 575 U.S. 348, 350–51 (2015). However, in Rodriguez, the Supreme Court distinguished exit orders, which are permissible to protect officer safety during a traffic stop, from on-

2

scene investigations into additional crimes, which "detour[] from the officer's traffic-control mission." Id. at 356-57 ("the dog sniff could not be justified on the same basis [as the exit order in Mimms]"). "If a vehicle stop is proper, officers may, at their discretion, order the driver to exit the vehicle while investigating." United States v. Wilkins, 451 F. Supp. 3d 222, 226 (D. Mass. 2020) (citing Pennsylvania v. Mimms, 434 U.S. 106, 111 (1977). The initial vehicle stop was proper, as Mr. Belin concedes; wherefore the exit order was proper. See United States v. Herrera, No. 17-CR-10112-ADB, 2018 WL 1020112, at *3 (D. Mass. Feb. 22, 2018) ("[b]ecause the initial traffic stop was lawful, the officer's instruction to Mr. Belin to step outside of the vehicle was permissible").

### B. Law enforcement had reasonable suspicion to pat-frisk Mr. Belin

Mr. Belin also argues that the pat-frisk violated his Fourth Amendment rights because the officer did not have consent[1] or reasonable suspicion. The Fourth Amendment protects an individual's right to be free from unreasonable searches and seizures by the government. U.S. Const. amend. IV; see, e.g., Terry v. Ohio, 392 U.S. 1, 8-9 (1968). Police may conduct a "patdown of the driver or a passenger during a traffic stop" if they "harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous." Arizona v. Johnson, 555 U.S. 323, 327 (2009).

To assess the existence of reasonable suspicion, courts "look at the totality of the circumstances of each case to see whether the detaining officer ha[d] a particularized and objective basis for suspecting legal wrongdoing." United States v. Arvizu, 534 U.S.

---

[1] The parties dispute whether Officer Grover asked for and received consent to pat-frisk Mr. Belin. Because the officer had reasonable suspicion to conduct the pat-frisk, whether consent was requested and/or received is not necessary to the analysis.

3

266, 273 (2002) (internal quotation marks omitted). "This reasonableness inquiry deals with degrees of likelihood, not . . . certainties or near certainties . . . and ultimately [the court] must make a practical, commonsense judgment based on the intricacies of each case." United States v. Tiru-Plaza, 766 F.3d 111, 116 (1st Cir. 2014) (internal quotation marks and citations omitted). For example, the Supreme Court determined that a bulge in a defendant's jacket supported an officer's reasonable suspicion for a pat down. See Mimms, 434 U.S. at 112 ("The bulge in the jacket permitted the officer to conclude that Mimms was armed and thus posed a serious and present danger to the safety of the officer.").

Between the stop and the pat-frisk, the officer had learned of Mr. Belin's criminal history of firearms charges, including open cases, and observed him open his car door to exit and reenter the vehicle. He further noticed a bulge on the right side of Mr. Belin's jacket, that he shielded his right side from the officer as he approached, put his hands in his pockets, and acted increasingly nervous. The officer's knowledge and observations fully supported his reasonable suspicion and decision to conduct the pat-frisk. See id.

### III. Conclusion

The Motion to Suppress Evidence (Docket # 39) is DENIED.

September 1, 2022
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE