UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 21-CR-10040-RWZ

UNITED STATES OF AMERICA, Plaintiff

v.

KING BELIN, Defendant

MEMORANDUM & ORDER

March 2, 2023

ZOBEL, S.D.J.

Defendant, King Belin was charged with knowingly possessing a firearm and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). Docket # 1. He moves to dismiss the indictment on the ground that § 922(g)(1) is facially unconstitutional. Docket # 58. The motion is denied.

"A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." United States v. Salerno, 481 U.S. 739, 745 (1987). Defendant asserts that the felon in possession statute is facially unconstitutional based on the framework announced in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, which requires a statute that implicates the Second Amendment to comport with historical tradition. See 142 S. Ct. 2111, 2130-31, 2136 (2022).

The controlling Supreme Court and First Circuit precedent prior to the Bruen decision is clear that the Second Amendment protects "law-abiding, responsible citizens," and that "nothing [] should be taken to cast doubt on longstanding prohibitions on the

1

possession of firearms by felons." D.C. v. Heller, 554 U.S. 570, 626, 635 (2008); McDonald v. City of Chicago, Ill., 561 U.S. 742, 786 (2010) ("We made it clear in Heller that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons'"); United States v. Torres-Rosario, 658 F.3d 110, 112–13 (1st Cir. 2011) (internal citations omitted) (affirming conviction under 18 U.S.C. § 922(g)(1) and noting that "[a]ll of the circuits to face the issue post Heller have rejected blanket challenges to felon in possession laws").

Bruen did not disrupt the prior controlling caselaw. Instead, it explicitly stated that its holding is "consistent with Heller and McDonald," which recognized that the Second Amendment protects the rights of "ordinary, law-abiding citizens." See Bruen, 142 S. Ct. at 2122; see also id. at 2157 (Alito, J., concurring) (internal citation omitted) ("Nor have we disturbed anything that we said in Heller or McDonald v. Chicago about restrictions that may be imposed on the possession or carrying of guns."). Justice Kavanaugh's concurrence, which was joined by Chief Justice Roberts, explicitly acknowledged that the "longstanding" felon in possession statute is constitutional. See id. at 2162 ("[p]roperly interpreted, the Second Amendment allows a 'variety' of gun regulations," including "longstanding prohibitions on the possession of firearms by felons").

Similarly, the First Circuit's rejection of a constitutional challenge to § 922(g)(1) remains controlling precedent. See Torres-Rosario, 658 F.3d at 112-13; see also United States v. Rene E., 583 F.3d 8, 12 (upholding constitutionality of § 922(x)(2) while noting that Heller "left intact" laws "prohibiting the possession of firearms by felons"); United States v. Booker, 644 F.3d 12, 23 (1st Cir. 2011) (finding § 922(g)(9) constitutional and clarifying that "the Second Amendment permits categorical regulation of gun possession

2

by classes of persons—e.g., felons"). Because Bruen did not "unmistakably [] cast [those decisions] into disrepute," the precedent controls. See Eulitt v. Me. Dep't of Educ., 386 F.3d 344, 349 (1st Cir. 2004) ("Until a court of appeals revokes a binding precedent, a district court within the circuit is hard put to ignore that precedent unless it has unmistakably been cast into disrepute by supervening authority."), rev'd on other grounds, 142 S. Ct. 1987 (2022).

Even when analyzed in accordance with the Bruen framework, § 922(g)(1) withstands Defendant's constitutional challenge. First, the activity regulated by the felon in possession statute falls outside the scope of the Second Amendment's protections because it does not impact "law-abiding, responsible citizens." See Bruen, 142 S. Ct. at 2122, 2129; Heller, 554 U.S. at 635. Second, even if Defendant could demonstrate that the Second Amendment applied to felons, tradition and history in the eighteenth century were consistent with felon disarmament. See e.g., Medina v. Whitaker, 913 F.3d 152, 158 (D.C. Cir. 2019) (observing that in the late eighteenth century, felonies were punishable by death and therefore "it is difficult to conclude that the public, in 1791, would have understood someone facing death [] to be within the scope of those entitled to possess arms"); United States of Am. v. Riley, No. 1:22-CR-163 (RDA), 2022 WL 7610264, at *13 (E.D. Va. Oct. 13, 2022) (reviewing historical scholarship and concluding that "felon in possession prohibition laws are consistent with the Founders' understanding of the Second Amendment at ratification").

Defendant's motion to dismiss (Docket # 58) is DENIED.

March 2, 2023
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

3